JUDGE RAMOS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Eugenie Francois

**19 CV 11119**

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

New York City Department of Education

Do you want a jury trial?

☒ Yes     ☐ No

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

## EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 3/24/17

## I.   PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Eugenie | R. | Francois |
|---|---|---|
| First Name | Middle Initial | Last Name |

| PO Box 340925 | | |
|---|---|---|
| Street Address | | |

| Brooklyn | NY | 11234 |
|---|---|---|
| County, City | State | Zip Code |

| 7182586658 | vitaniefrancois@yahoo.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

| New York City Department of Education |
|---|
| Name |
| c/o Corporation Counsel of City of New York |
| Address where defendant may be served |

| New York | NY | 10007 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| |
|---|
| Name |
| |
| Address where defendant may be served |

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State                    Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Midwood High School
_____
Name

2839 Bedford Avenue
_____
Address

Kings, Brooklyn              NY                    11210
_____
County, City                    State                    Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐  **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race:  _____

☐  color:  _____

☐  religion:  _____

☐  sex:  _____

☐  national origin:  _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year:  **1955** _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ **Other** (may include other relevant federal, state, city, or county law):

_____

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☒ harassed me or created a hostile work environment
- ☒ other (specify): gave me unjustified ineffective rating for 2016-17; constructively discharged

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See attached

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.   ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

      ☒  Yes (Please attach a copy of the charge to this complaint.)

          When did you file your charge?   August 14, 2018

      ☐  No

Have you received a Notice of Right to Sue from the EEOC?

      ☒  Yes (Please attach a copy of the Notice of Right to Sue.)

          What is the date on the Notice?   October 30, 2019

          When did you receive the Notice?   November 5, 2019

      ☐  No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

      ☐  direct the defendant to hire me

      ☐  direct the defendant to re-employ me

      ☐  direct the defendant to promote me

      ☐  direct the defendant to reasonably accommodate my religion

      ☐  direct the defendant to reasonably accommodate my disability

      ☒  direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)
Reverse the ineffective rating for the 2016-17 school year; emotional distress

damages for constructive discharge.

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 12/4/19 | _Eugenie R Francois_ |
| Dated | Plaintiff's Signature |
| Eugenie | Francois |
| First Name          Middle Initial | Last Name |
| PO Box 340925 | |
| Street Address | |
| Brooklyn | NY          11234 |
| County, City | State          Zip Code |
| (718) 258-6658 | vitaniefrancois@yahoo.com |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☒ No

    If you do consent to receive documents electronically, submit the completed form with your
    complaint. If you do not consent, please do not attach the form.

## Addendum of Age Discriminatory Events Against Plaintiff

Plaintiff has been subjected to discrimination based on her age by her former employer NYCDOE while employed as a Living Environment teacher at Midwood High School in Brooklyn, New York. The age discriminatory comments and events are as follows:

> - Plaintiff was born in 1955 and is presently 64 years old. She started working as a teacher in the NYCDOE in 1991 and at Midwood High School in Brooklyn, New York since 2003 as a high school biology teacher teaching living environment regents. She received all Satisfactory or Effective ratings every year until her last year, the 2016-17 school year.
> -

**2013-14 School Year**

1. On February 12, 2014, Assistant Principal Tovia Rosenfeld and Principal Michael McDonnell, from Midwood High School, came to Plaintiff's classroom before a class period started and commented on how much money Plaintiff was making as an older teacher.

2. On April 7, 2014, prior to Plaintiff's observation, Principal McDonnell stated to Plaintiff, "I don't care how old you are, you have to attend a sport event after school."

3. On April 10, 2014, Plaintiff received a "Developing" Rating from Assistant Principal Rosenfeld and Principal McDonnell on an observation for not volunteering to participate in school sport events after school. In fact, this is inaccurate, as Plaintiff has a ticket from October 11, 2013, for an after-school wrestling event which she attended which proves otherwise. Plaintiff filed an APPR challenging that individual rating, but Principal McDonnell denied it.

**2014-15 School Year**

4. For the 2014-2015 school year, Plaintiff received an Annual Developing overall Rating despite filing several Annual Professional Performance Review (APPR) complaints against the school administration.

**2015-16 School Year**

5. During the 2015-2016 school year, Principal Michael McDonnell told Plaintiff, "I know you are old, but you have a maximum of four minutes to get to any assigned coverage, meaning, I don't care if you run or jump from the main building to the annex building."

6. On September 25, 2015, Plaintiff requested a video tape on her formal observation for the purpose of transparency. This request was denied by Principal McDonnell which was in violation with UFT contractual agreement.

7. On October 2, 2015, Plaintiff received an Informal Observation Report for which she filed an (APPR) Resolution Assistance Request. Again, Principal McDonnell denied Plaintiff's grievance.

8. On December 17, 2015, Plaintiff filed an APPR for a Formal Observation received on 12/24/2015. This APPR was again denied by Principal McDonnell.

9. On February 10, 2016, Plaintiff requested removal of components 1a, 1c, 2a, and 2b from her Observation Report dated 10/2/15, of which no decision had never been rendered upon.

10. On April 5, 2016, AP Tovia Rosenfeld's statement pg2, par3, Item 4e (obs) from her Annual Professional Performance Review (APPR) is discriminatory as follows:

- The teacher, Ms. Komaker, who taught in the discipline of Earth Science, should not be assigned to help Plaintiff who taught in the discipline of Biology.

- The Earth Science teacher Ms. Komaker, who is younger than Plaintiff, taught high performance level student and received an effective rating.

- Plaintiff who taught low level performance students and exceeding growth expectation with a passing rating of 94 percent received instead a developing rating.

11. On April 5, 2016, Plaintiff filed an APPR for a Formal Observation dated 03/16/2016.  Principal Michael McDonnell again denied this APPR.


**2016-17 School Year**

12. During September 2016, Principal McDonnell again commented on how much money Plaintiff makes as an older teacher, and said "Ms. Francois, I can hire two teachers for the amount of money you are making."

13. On September 22, 2016, during the course of a meeting with AP Tovia Rosenfeld, in room A200, Period 2, Plaintiff signed a Teacher Improvement Plan (TIP).  AP Tovia Rosenfeld stated: "Mrs. Lau is a Chemistry Teacher, Mrs. Francois will be able to see, in action, how to use assessment in instruction; how to ask level 2 and 3 DOK questions; and how to engage students in learning." This statement is discriminatory as follows:

- The teacher, Mrs. Lau, who taught in the discipline of Chemistry, should not be assigned to help Plaintiff who taught in the discipline of Biology.

- It is a violation of UFT contractual agreement for a teacher to receive help from another teacher who do not teach in same discipline.  AP Tovia Rosenfeld's choice was in violation with UFT contractual agreement.

- **Arbitrator Howard C. Edelman, Esq.** ordered to remove Item 4(e) (obs) (Growing and developing professionally) from Plaintiff's observation report dated 11/31/2016. (pg2, par2) The purpose of this removal was to show that the teacher (Mrs. Lau) was

not qualified in the discipline of biology, and should not be instructed to help Plaintiff who is a Biology teacher.

- The chemistry teacher Mrs. Lau, who is younger than Plaintiff, taught high performance students and received an effective rating.

- Plaintiff, who taught low performance students and exceeding growth expectation with a passing rate of 96 percent, received instead an ineffective rating.

14. On November 21, 2016, Plaintiff filed an APPR grievance for an Informal Observation dated 10/31/2016. This APPR was again denied by Principal Michael McDonnell.

15. On February 27, 2017, Plaintiff was assigned a co-teacher Mr. Amsterdam, who was responsible only for seven students out of 26 students.

- The Biology Science teacher Mr. Amsterdam, who is younger than Plaintiff, and had less experience than Plaintiff, received an effective rating.

- Plaintiff who taught low performance students and exceeding their growth expectation received instead a developing rating.

16. On February 28, 2017, Principal Michael McDonnell issued a 48-Hour notice scheduling a meeting at his office with Plaintiff and her UFT Representative for Tuesday, March 2, 2017, during her lunch time 1:05 P.M. (period 8). It was not the first time Principal Michael McDonnell scheduled appointments with Plaintiff during her lunch which in violation with UFT's contractual agreement.

17. During the March 2, 2017 meeting, Principal McDonnell, and Assistant Principal Rosenfeld falsely accused Plaintiff of cursing at a student from one of her classes. Assistant Principal Rosenfeld wrote a statement for the student, signed it, and filed the statement with the DOE Office of Special Investigation. Principal McDonnell and AP Rosenfeld then selected 8 students to write witness statements, but none of the students' statements indicated that Plaintiff cursed at a student.

18. On March 15, 2017, Principal McDonnell issued Plaintiff a letter stating, "Please be advised that this matter is now closed," regarding the OSI Investigation of the allegations made at the March 2, 2017 meeting, without further explanation.

19. On March 24, 2017, Arbitrator Howard C. Edelman, Esq. ordered Item 3 (c) to be changed, Item 4 (e) be removed from Plaintiff's Informal Observation dated 10/31/2016. Principal McDonnell disregarded Arbitrator Howard C. Edelman, Esq.'s order, in furtherance of his discrimination against Plaintiff.

20. On June 5, 2017, Plaintiff was ill, and Assistant Principal Rosenfeld received from the Plaintiff's husband a package that contained a doctor's note excusing her from work from June 2 – 30, 2017 for oral surgery, along with other documents.

21. On June 6, 2017, Plaintiff received an email in which AP Rosenfeld stated, "I came to your class on Monday 5, June 2017 and you were absent again. I came to your class on Tuesday, 6, June 2017 you were absent again. I will come to your class on Wednesday June 7, 2017 during period 4." This was a flagrant effort to disregard Plaintiff's doctor note dated 6/5/2017, and to continue the quest to remove Plaintiff from her teaching position.

22. On June 27, 2017, while Plaintiff was absent, Principal McDonnell and AP Rosenfeld issued an ineffective formal observation to the Plaintiff in another attempt to disregard Plaintiff's doctor's note of June 5, 2017. Principal McDonnell and AP Rosenfeld had the opportunity to use 3 prior informal observations to evaluate Plaintiff for the 2016-2017 school year; instead Principal McDonnell and AP Rosenfeld issued an ineffective formal observation to the Plaintiff for her absence. This continues the pattern of discrimination and retaliation against Plaintiff for the purpose of terminating her from her teaching position.

23. Because of the ongoing harassment, Plaintiff decided to retire effective August 31, 2017.

**2017-18 School Year**

24. On September 1, 2017, Plaintiff received an email from Midwood HS expressing concerns over the difficulty to issue the overall annual rating to the teachers, and Plaintiff did not timely receive her annual rating for the 2016-17 school year.

25. On September 27, 2017, Plaintiff filed an APPR grievance for the Formal Observation dated 6/27/2017. This APPR was again denied by Principal McDonnell.

26. The last date Plaintiff could file for a MOSL Data Correction Sheet (DCR) was October 6, 2017 but had not yet received her final MOSL rating at the time.

27. On October 11, 2017, after still not receiving her Overall Annual Rating, Plaintiff physically went to Midwood HS to pick up her overall annual rating. Plaintiff learned for the first time that her Measures of Teacher Practice (MOTP) was developing, and her Measures of Student Learning (MOSL) her overall rating for 2016-2017 school year was ineffective. Defendants, knowing Plaintiff was sick, and purposefully not issuing the rating via email, strategically calculated to deny Plaintiff due process to file for a MOSL data correction on time.

28. On April 30, 2018, during a hearing to appeal the ineffective rating for 2016-17, Principal McDonnell, on record stated, "Ms. Francois was provided evidence, provided a copy of all of her electronic copy of all students that were in her MOSL. She had an opportunity to file a data correction, a data verification form. She declined to do so."

29. Principal McDonnell has never provided Plaintiff the opportunity to file for data correction. The last day to file for data correction was October 6, 2017, but Plaintiff only received her Advance Overall Annual Rating Performance Review from Midwood HS on 10/11/2017, after the deadline had passed.

4

30. Principal McDonnell's and AP Rosenfeld's discriminatory statements and retaliatory actions against Plaintiff regarding her age made between February 2014 until after her retirement in 2017 were intended to seek to terminate Plaintiff's teaching position.  The culmination of these events resulted in Plaintiff's Ineffective Rating for the 2016-2017 School Year, and the premature filing of her retirement on 8/31/2017 and emotional and psychological distress based on the ongoing hostile work environment she was subjected to.

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Eugenie Francois<br>Po Box 340925<br>Brooklyn, NY 11234 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-05377** | **Jiancheng Wang,**<br>**Investigator** | **(929) 506-5292** |

*(See also the additional Information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin Berry*

**Kevin J. Berry,**
**District Director**

10/30/19
*(Date Mailed)*

Enclosures(s)

cc:   **Attn**
**Director of Human Resources**
**NEW YORK CITY DEPARTMENT OF EDUCATION**
**52 Chambers Street**
**Room 308**
**New York, NY 10007**

**Stewart L. Karlin**
**STEWART LEE KARLIN LAW GROUP, P.C.**
**111 John Street**
**22nd Floor**
**New York, NY 10038**

EEOC Form 5 (11/09)

| **Charge of Discrimination** | Charge Present to:    Agen(cies) Charge No(s) |
|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | [  ] FEPA |
| | [X] EEOC 520-2018-05377 |
| | _____ and EEOC |
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*  **Mr. Eugenie Francois** | Home Phone *(include area code)*  **(718) 258-6658** | Date of Birth  **08/29/1955** |
|---|---|---|
| Street Address  **PO Box 340925** | City, State, and Zip Code  **Brooklyn, NY 11234** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others (If more than two, list under PARTICULARS below.)

| Name  New York City Department of Education | No. Employees, Members  **Over 500** | Phone No. *(Include area code)*  **(212) 356-1000 (Attorney)** |
|---|---|---|
| Street Address  **52 Chambers Street** | City, State, and Zip Code  **New York, NY 10007** | |
| Name | No. Employees, Members | Phone No. *(Include area code)* |
| Street Address | City, State, and Zip Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)  [ ]RACE  [ ]COLOR  [ ]RELIGION  [ ]DISABILITY  [ ]NATIONAL ORIGIN  [ ]RETALIATION  [ X ]AGE  [ ]GENETIC INFORMATION  [ ]OTHER *(SPECIFY)* | DATE(S) DISCRIMINATION TOOK PLACE  Earliest                Latest  September 2016        **May 2018**  [X] CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
**See attached Verified Petition**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with then in the processing of my charge in accordance with their procedures. | NOTARY—When necessary for State and Local Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct  08/09/18          *[signature]*  Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  *(month, day, year)*  08/09/18 |

STEWART LEE KARLIN
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #02KA6233825
COMM. EXP. 03/15/22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
In the Matter of the Application Of

EUGENIE FRANCOIS,

                    Petitioner,

for Judgment pursuant to Art. 78,                        **VERIFIED PETITION**
CPLR,                                                     Index No.

              -against-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK. , and THE
BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK

                    Respondents,
------------------------------------------------------------------X

TO THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

        The Petitioner EUGENIE FRANCOIS , by her attorney, STEWART LEE KARLIN,

respectfully shows to this Court and alleges as follows:

1.      Petitioner EUGENIE FRANCOIS (hereinafter at all times mentioned "Petitioner") was an

employee  of the Respondent the Department of Education of the City of New York (hereinafter

"DOE").  Petitioner was a tenured teacher assigned to Midwood High School, Brooklyn, New

York.   She was born August 1955 and will be 63 years old this month.

2.      Respondent Department of Education of the City of New York and the Board of Education

of the City School District of the City of New York(hereinafter Respondent)is charged by law with

responsibility for the operation, management and control of the New York City public education

and is within the jurisdiction of this Court.

1

3.     Petitioner is a successful teacher since 1991 at Midwood High School since 2003 where she taught 9th Living Environment Regents (biology course).

4.     In February 2014 and at other times, both AP Tovia Rosenfeld and Principal Michael McDonald would comment on how much money she was making and specifically reference to her salary.

5.     In April 2014, Principal McDonald stated to Petitioner "I don't care how old you are, you have to do a sport after school."

6.     In 2015-2016 school year, Principal McDonald told Petitioner "I know you are old, but you have maximum four minutes to get to an assigned coverage." There are two buildings.

7.     In September 2016, Principal McDonald said you know "I can hire two people for the amount of money you are making."

8.     Principal McDonald has a pattern and practice of targeting older teachers for negative reviews. Many teachers approaching the age of retirement have been unfairly rated and treated in the Science Department and other Departments at Midwood High School including Evelyn Roche, Maureen Cox, Joan Rowe, Patricia Heyligar, Kevin McMahon, Mr. Friedman and Stuart Rothstein.

9.     Petitioner received an ineffective rating for the 2016-2017 school years.

10.    The ineffective rating was arbitrary and capricious and in bad faith and due to age discrimination for the reasons set forth below.

11.    Petitioner checked mark the MOSL section on her APPR Appeal Application, but it was not mentioned in the final decision.

12.    Petitioner never received her Observation Report and her Overall Rating / Annual Professional Performance Review Report until October 11, 2017.

13.     The DOE did not provide Petitioner an opportunity to address errors in her MOSL computation. In fact, in bad faith, the DOE did not even allow Petitioner access to her MOSL score until October 11, 2017. The window for Petitioner to file for MOSL grievances had already expired as the deadline was during the month of September 2017. It should be noted that 99% of the students Petitioner taught were low performance achiever students for which the goal set for these students to pass the Regents Exam was 65%.

14.     As of September 15, 2017, Petitioner had no access to the school Email: Schedule site & DOE site.

15.     Petitioner believes to have check marked the box in the MOSL Section of the appeal application. DOE refusal to address her MOSL grievances. This was arbitrary as she did not receive her Observation report, and her Overall rating report on time, which was not received until 10/11/2017.

16.     DOE stated: "Your claim that you did not receive feedback prior to the written evaluation report was without merit as there is nothing in the Memorandum of Agreement that specifically states that feedback must precede the observation/evaluation report." However, the first paragraph from the observational cycle of the Memorandum of Agreement clearly stated: "Feedback following an observation must be provided to the teacher within fifteen (15) school days of the observation."   In other words, feedback to the teacher must be provided before the observation/evaluation report which was not done.

17.     DOE stated: "Your contention that all of your observations were not completed by the first Friday in June was rejected as you took FEMLA Leave at the close of the 2016-2017 school year." However, Petitioner did not take a FEMLA Leave as DOE stated. She took a Sick Leave which was substantiated by Doctor's note and approval document from DOE. There is a difference

3

between FEMLA (Family and Medical Leave Act) which allows the School to have a determination in absence of a teacher's long-term illness. Sick Leave means the number of days off the employee is entitled to with full pay and benefits.

18.     DOE stated: "Your assertion that you did not receive feedback in timely manner was dismissed as Evaluators have 45 school days, absent extraordinary circumstances, to share written feedback with teachers in accordance with the Memorandum of Agreement." However, the Evaluator did not provide feedback in a timely manner to the teacher.

19.     DOE stated: "Evaluators rate components for which there is sufficient evidence to support a determination/rating." However, the Evaluator did not have any supportive evidence for ineffective rating given for components 1a, 1e, 2a, 2d, 3d, 3d on the observation report dated 6/27/2017. Evaluator stated: "The teacher did not provide any information about her absences." But the Teacher provided Sick Leave documents to the Evaluator, and the DOE. DOE's explanation is arbitrary and capricious.

20.     DOE stated: "Your assertion that observable components were not rated was rejected, as Evaluators rate components for which there are sufficient evidence to support a determination / rating. In this instance, the Administration did not gather sufficient information to rate every component." Evaluator did not have any supportive evidence to evaluate components on the observation report dated 6/27/2017, and he did provide a rating for each component. There is no reason why not to have rated the other unrated components.

21.     Ninety-six percent of those students Petitioner taught, not only reached the goal set by Sckedula (Grade Student Tracker) (65%), but also exceeded the expectation with high rating scores on the Living Environment Regents Exam indicating that MOSL scores should have been effective or even highly effective

4

22.     According to article 8J, if 85%-100% of students meet or exceed targets score, the teacher must be rated "Highly Effective" and thus when 96% of her students who took the Regents Exam, Petitioner not only met the goal set, but also exceeded the target score of 65%, thus should have received a highly effective rating.

23.     Petitioner requested the option of video tape for her formal observation for school academic year 2016-2017 but it was not denied contrary the CBA.

24.     The Assistant Principal issued an observation report in Petitioner's absence where according to article 8J, the Principal and the Assistant Principal could have waited until October 2017 to have that observation.

25.     The Principal and the Assistant Principal prepared an observation in Petitioner's absence when they have two of the following options from article 8J. First option - When a teacher is absent between the last Friday of April and the last Friday of June and the absence was unforeseen (e.g., extended leave) and therefore the evaluator could not conduct the Summative Conference ahead of time, the Summative Conference shall be held no later than the last Friday of October in the following school year. Second option - (d) When a teacher is unexpectedly absent for the remainder of the school year (e.g., extended leave), the teacher shall have a minimum of two (2) observations, which shall fulfill the observation requirements set forth herein. This is further evidence of bad faith.

26.     Petitioner has been subjected to discrimination based on her age. Petitioner's unsatisfactory professional annual performance review for the 2016-2017 school year was arbitrary and capricious, without a rational basis and was discriminatory due to her age. Petitioner duly appealed the ineffective rating and her appeal was denied by letter dated May 30, 2018. (Exhibit A)

27.     As a result of the foregoing, the "ineffective" ratings should be expunged and converted into an effective rating or not rated. ( "NR")

28.     Petitioner has complied with all conditions precedent to commencing this suit and has exhausted her administrative remedies including but not limited to her contractual rights under the collective bargaining agreement.

29.     By reason of the foregoing conduct, the Respondent has acted arbitrarily and capriciously and in bad faith when the Respondent's own actions violate the law and its own rules and regulations.

30.     In an Article 78 proceeding for judicial review of a determination of an educational institution, the standard to be applied is whether the action taken by the institution is arbitrary or capricious, or without rational basis or whether the institution has acted in good faith Tedeschi v. Wagner College, 49 N.Y.2d 652, 661, 404 N.E.2d 1302, 1307, 427 N.Y.S.2d 760, 765 (1980); Pell v. Board of Educ. Union Free Sch. Dist. No. 1, 34 N.Y.2d 222, 356 N.Y.S.2d 833, 313 N.E.2d 321(1974); Matter of Gray v. Canisius College of Buffalo, 109 A.D.2d 1100, 486 N.Y.S.2d 1018N.Y.A.D.,1985.Indeed, the arbitrary or capricious test has been said to chiefly relate to whether particular action should have been taken, is justified or is without a foundation in fact or without a sound basis in reason [emphasis added]. See Pell, supra. Indeed, according to the seminal case of Pell v. Board of Education, "The arbitrary or capricious test chiefly relates to whether a particular action should have been taken or is justified and whether the administrative action is without foundation in fact". Pell, supra. Accord, Bigler v Cornell University, 266 A.D.2d 92 (1st Dept, 1999).

31.     Moreover, New York Courts have annulled "U" ratings because they were based on material not in the teacher's file. Matter of Mangone v. Klein, 2007 N.Y. Slip Op 32475 [U], * 6

6

(Sup Ct, N.Y. County 2007). Courts have also annulled "U" ratings where there was no discussion of the problem with the petitioner (Kalman v. Lyles, Index No. 105463/08 [Sup Ct, N.Y. County, Oct. 21,2008, Madden, J.] FN2); and because the "U" rating was not preceded by an inspection of the petitioner's work and a consultation with him. Matter of Bonilla v. Board of Educ. of City of NY, 285 A.D.2d 548, 549 [2d Dept 2001]. In addition, a "U" rating may not be based on documents not shown to the petitioner in advance of the hearing. Smith v. Board of Education of City School Dist. of City of NY, 18 Misc.3d 192, 196 [Sup Ct, N.Y. County 2007] [based on respondents' violating the "The Appeal Process"] ).

32.     Furthermore, a petitioner would fail to show that the rating was arbitrary and capricious or made in bad faith when the respondent provided detailed observation reports made by the principal and assistant principal, describing petitioner's poor performance in class management, engagement of students, and lesson planning because such detailed evidence will provide a rational basis for the rating. Murnane v. Department of Educ. of City of New York, 82 A.D.3d 576, 919 N.Y.S.2d 24 N.Y.A.D. 1 Dept.,2011. However, no New York court will find a determination based on flimsy evidence to be rational or to constitute a sound exercise of discretion. Newman v. Sobol, 232 A.D.2d 828 (3rd Dept. 1996).

33.     In the case at hand, Respondent's decision upholding the ineffective ratings were arbitrary, capricious and irrational as it had no rational basis and therefore dismissal should not be granted. While it is true that the review of an Article 78 petition is limited, this does not give Respondent a carte blanche to act without a foundation in fact or without a sound basis in reason . Pell, supra.

34.     This is the first application for the relief requested herein.

## AS AND FOR A SECOND CAUSE OF ACTION

35.     Petitioner repeats and realleges each and every preceding paragraph as if fully set forth at length herein.

36.     By reason of the foregoing, defendant violated New York City Administrative Code §8-107 by subjecting Plaintiff to discrimination based on age and otherwise discriminating against Plaintiff in connection with his employment.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant as follows:

1.     Incidental damages pursuant to Art 78 only;

2.     A reasonable attorney fees (pursuant to NYC Administrative Code) plus the costs and disbursements of this lawsuit, and such additional relief as this Court may deem just and proper under the circumstances pursuant to Art 78 only;

3.     A declaration that the actions taken by Respondent were arbitrary and capricious and in bad faith and also violated the NYCHRL because the actions taken were due to her age and the expungement of the ineffective annual professional performance review, and converting the evaluation to either effective or not rated;

4.     Such additional relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
         August 9, 2018

                                        STEWART LEE KARLIN
                                        LAW GROUP, P.C.


                                        STEWART LEE KARLIN, ESQ.
                                        Attorney for Petitioner
                                        111 John St., 22nd Floor
                                        New York, NY 10038
                                        (212) 792-9670

## VERIFICATION

STATE OF NEW YORK   )

COUNTY OF NEW YORK)   ss.:

    I, the undersigned, am the Petitioner in the within action;   I have read the foregoing,

Petition, and know the contents thereof; the same is true to my own knowledge except as to those

matters therein alleged to be on information and belief, as to those matters I believe to be true.

Sworn to this 9th day of
August 2018

_____
NOTARY PUBLIC

STEWART LEE KARLIN
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #02KA6233825
COMM. EXP. 5/13/22

EUGENIE FRANCOIS

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
      August 9, 2018

STEWART LEE KARLIN, ESQ.